UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CHRISTINE ROBINSON, Administratrix of the Estate
of CHARLES ROBINSON (Deceased), and CHRISTINE
ROBINSON, Individually,

                              Plaintiffs,                **COMPLAINT**

   -against-                                     **PLAINTIFF DEMANDS**
                                                                    **TRIAL BY JURY**

CAMPBELL HOLDER and CAMPBELL HOLDER &
ASSOCIATES,

                              Defendants.
------------------------------------------------------------------X

       Plaintiffs, by their attorneys, PHILIP J. DINHOFER, LLC, complaining of the defendants respectfully allege:

       A.      The jurisdiction of this Court is based upon diversity of citizenship, pursuant to 28 U.S.C. Section 1332. The amount in controversy exceeds $75,000.00.

### THE PARTIES

       B.      The plaintiffs, CHRISTINE ROBINSON, Administratrix of the Estate of CHARLES ROBINSON (Deceased), and CHRISTINE ROBINSON, Individually, are citizens of the State of South Carolina, residing at 5264 Charleston Augusta Road, Bamberg, South Carolina.

       C.      At all times relevant herein, the defendants, CAMPBELL HOLDER and CAMPBELL HOLDER & ASSOCIATES, were citizens of the State of New York, with a principal place of business situated at 401 Broadway, New York, NY.

## AS AND FOR A FIRST CAUSE OF ACTION

1. That at all times hereinafter mentioned, the defendant, CAMPBELL HOLDER, was an attorney duly licensed and admitted to practice law in the State of New York.

2. That at all times hereinafter mentioned, the defendant, CAMPBELL HOLDER, maintained an office for the practice of law at 401 Broadway, New York, NY, which did business under the name of CAMPBELL HOLDER & ASSOCIATES.

3. On or about March 1, 1993 the deceased, CHARLES ROBINSON, was caused to sustain personal injuries as a result of, amongst other things, the negligence of his employer, Metro-North Commuter Railroad.

4. As a result of his employer's negligence, the deceased, CHARLES ROBINSON, possessed a good and meritorious cause of action for personal injuries against Metro-North Commuter Railroad pursuant to the Federal Employers' Liability Act, 45 U.S.C. § 51, et seq..

5. Subsequent to sustaining the injuries aforementioned, the deceased, CHARLES ROBINSON, consulted with and retained defendant, CAMPBELL HOLDER and/or CAMPBELL HOLDER & ASSOCIATES (jointly and collectively hereafter referred to as the defendant "CAMPBELL HOLDER"), as his attorney to prosecute his claim against Metro-North Commuter Railroad on account of the injures and damages which he had sustained.

6. The deceased, CHARLES ROBINSON, agreed to compensate defendant CAMPBELL HOLDER, for his services and the defendant accepted the engagement and undertook the employment and agreed to prosecute the action in behalf of the deceased in a proper and skillful manner.

7. Upon information and belief, defendant did file with the Judicial Conference of

the State of New York a retainer statement pursuant to the rules of the Appellate Division, First Department.

8. Defendant did thereafter commence suit against Metro-North Commuter Railroad under the aegis of the Federal Employers' Liability Act, 45 U.S.C. § 51, et seq. in the Supreme Court of the Sate of New York, County of New York, under index number 102456/95.

9. Thereafter, Metro-North Commuter Railroad, through its attorneys, brought a motion in New York County Supreme Court to dismiss the deceased's action against them.

10. Despite being given numerous opportunities to do so over a lengthy period of time, the defendant, CAMPBELL HOLDER, neglected and/or failed to oppose Metro-North Commuter Railroad's motion to dismiss the deceased's action against them.

11. By Order dated October 4, 2000, the Hon. Louis B. York, granted on default the motion of Metro-North Commuter Railroad, thereby dismissing the deceased's lawsuit brought against them under index number 102456/95.

12. As a result of the negligence of the defendant, CAMPBELL HOLDER, the deceased, CHARLES ROBINSON, is forever barred from obtaining just compensation for the damages he sustained as a result of the negligence of Metro-North Commuter Railroad.

13. Defendant, CAMPBELL HOLDER, failed to use reasonable care in the exercise of his skill and failed to properly apply his learning and expertise in prosecuting this action in behalf of the deceased, CHARLES ROBINSON.

14. Defendant, CAMPBELL HOLDER, failed to exercise that degree of care, skill, and diligence commonly possessed by a member of the legal community.

15. The negligence of the defendant, CAMPBELL HOLDER, is a proximate cause of

the deceased's, CHARLES ROBINSON'S, inability to obtain just compensation for the damages he sustained as a result of the negligence of Metro-North Commuter Railroad.

16. The deceased, CHARLES ROBINSON, would have been successful in the underlying action against Metro-North Commuter Railroad had the defendant, CAMPBELL HOLDER, not been negligent, but instead exercised due care.

17. Based upon his special damages and the various injuries and damages he sustained, the deceased, CHARLES ROBINSON, could have reasonably anticipated obtaining an award after trial or by way of settlement on account of the various claims he possessed against Metro-North Commuter Railroad.

18. As a result of the foregoing, the deceased, CHARLES ROBINSON, has been damaged in the sum of FIVE MILLION ($5,000,000.00) DOLLARS.

## AS AND FOR A SECOND CAUSE OF ACTION

19. The plaintiffs repeat, reiterate and reallege the allegations set forth in Paragraphs 1 through 18 of this Complaint, inclusive, as though set forth at length herein.

20. Defendant, CAMPBELL HOLDER, failed to perform upon his agreement and breached his contract with plaintiffs.

21. As a result of the foregoing, plaintiffs have been damaged in the sum of FIVE MILLION ($5,000,000.00) DOLLARS.

## AS AND FOR A THIRD CAUSE OF ACTION

22. The plaintiffs repeat, reiterate and reallege the allegations set forth in Paragraphs 1 through 21 of this Complaint, inclusive, as though set forth at length herein.

23. At all times herein, plaintiff, CHRISTINE ROBINSON, was the lawful wife of the deceased plaintiff, CHARLES ROBINSON.

24. As a result of her husbands injuries aforementioned, plaintiff, CHRISTINE ROBINSON, was deprived of the services, company, consortium and comfort of her husband, the deceased plaintiff, CHARLES ROBINSON.

25. Defendant's, CAMPBELL HOLDER'S, failure to oppose Metro-North Commuter Railroad's motion to dismiss has forever deprived CHRISTINE ROBINSON from seeking recompense for her damages from the responsible party.

26. As a result of the foregoing, CHRISTINE ROBINSON has been damaged in the sum of FIVE MILLION ($5,000,000.00) DOLLARS.

**WHEREFORE,** plaintiffs demand judgment against the defendants in the sum of FIVE MILLION ($5,000,000.00) DOLLARS on the First Cause of Action; in the sum of FIVE MILLION ($5,000,000.00) DOLLARS on the Second Cause of Action; and in the sum of FIVE MILLION ($5,000,000.00) DOLLARS on the Third Cause of Action; together with the costs, disbursements and reasonable attorneys fees of this action.

Dated: Rockville Centre, New York
       June 23, 2007

_____
By: Philip J. Dinhofer, #6940
**PHILIP J. DINHOFER, LLC**
Attorneys for Plaintiff(s)
77 N. Centre Ave. - Suite 311
Rockville Centre, NY 11570
516-678-3500