SUPREME COURT OF THE STATE OF NEW YORK — NEW YORK COUNTY

PRESENT: Hon. __LOUIS B. YORK__                    PART __2__
                              Justice

Robinson                        INDEX NO. __102456/95__

       - v -                    MOTION DATE _____

Metro North                     MOTION SEQ. NO. __603__

                                MOTION CAL. NO. _____

The following papers, numbered 1 to _____ were read on this motion to/for _____

                                                      PAPERS NUMBERED

Notice of Motion/ Order to Show Cause — Affidavits — Exhibits ...  _____

Answering Affidavits — Exhibits _____                            _____

Replying Affidavits _____                                        _____

Cross-Motion:      ☐ Yes      ☐ No

Upon the foregoing papers, it is ordered that this motion    motion is decided in accordance
with accompanying memorandum decision.

                                                             motion is decided in accordance
with accompanying memorandum decision.

Dated: __10/4/00__                          __Luy__  LOUIS B. YORK
                                                          J.S.C.

Supreme Court of the State of New York
County of New York

Index No.: 102456/95

Part 2

_____

CHRISTINE ROBINSON as Administratrix
of the Estate of CHARLES ROBINSON
(Deceased), and CHRISTINE ROBINSON,

                         Plaintiffs,

        - against -

METRO-NORTH COMMUTER RAIL ROAD, THOMAS
CLARK, MARK STESSNER, ALAIN STURGIS, and
JOHN HERRLIN jointly and severally,

                         Defendants.
_____

DECISION/ORDER

Present:
Hon. Louis B. York
Justice, Supreme Court

In this motion, defendant Metro-North seeks an order either (1) dismissing the complaint for lack of subject matter jurisdiction or (2) granting summary judgment in its favor and dismissing the complaint. The court received the motion papers with no opposition by plaintiff, and the file was marked "D" ("default"). Plaintiff sought permission to oppose the motion on an untimely basis, and Metro-North opposed. After court conference, the court denied plaintiff's request for the reasons set forth below.

Initially, with the court's consent, the parties entered into a stipulation governing the timetable for this motion. Metro-North was to serve its motion papers by June 2; plaintiffs were to oppose by June 26; and defendant was to reply by July 11. Originally, adhering to this schedule, defendant served its papers on plaintiffs on June 2 and made this motion

1

returnable in Room 130 on July 12, 2000.

By June 28, plaintiffs had not served Metro-North with any opposition papers. Therefore, movant called plaintiffs to see whether they intended to oppose the motion. Movant did not hear back from plaintiffs; and, on July 5, movant faxed to plaintiffs a similar query. Approximately 10 days after their papers were due, on July 6, 2000, plaintiffs finally contacted movant and requested an adjournment of the motion. Movant agreed to the adjournment on the condition that plaintiffs contacted the court and obtained permission to deviate from the previously approved submission schedule. Under the new agreement, plaintiffs were to serve their opposition papers to movant in hand by July 20; the reply would be served by August 8; and the return date of the motion would be August 9. Movant confirmed this arrangement in writing to plaintiffs, in a letter dated July 10.

Plaintiffs did not communicate with movant again until July 19, the day before the opposition papers were due. By letter, plaintiffs indicated that (1) they needed additional time to prepare their papers. In addition, plaintiffs did not make a timely effort to adjourn the motion; and, because of the delay, by the time plaintiffs contacted the court to discuss the adjournment the motion had already been submitted to Part 2, this part, on default. Movant responded by telephone on July 19, and plaintiffs did not return the call. Finally, on July 21, 2000, movant wrote to the court, requesting that it address the situation.

Because of various vacation schedules, the part was unable to schedule a conference until the week of August 14. Counsel for both parties appeared at court to discuss the issue. Plaintiffs' counsel did not deny any of the above facts. He explained the delay by stating that he is a solo practitioner and he had been too busy to complete the

2

brief on time.

Clearly, this was not an adequate excuse. Moreover, based on counsel's prior conduct, movant was no longer willing to agree to any further extensions. Nonetheless, the court was reluctant to preclude plaintiffs from opposing a dispositive motion based on their counsel's negligence. Therefore, the court asked whether plaintiffs were now ready to submit opposition papers. In response, plaintiffs' counsel stated that it was impossible to do so immediately, and that he needed an additional several weeks to prepare his opposition papers. After admonishing counsel, the court asked whether he could deliver the papers the following day. Counsel stated that he could not do so, that he needed at least two weeks to prepare his opposition papers. Under these circumstances, the court concluded that plaintiffs' counsel's delay was inexcusable, and that even the harsh penalty of depriving him of the opportunity to defend his clients' motion was justified.

Therefore, the court turns to the motion. In support of its motion to grant summary judgment dismissing the case, defendants submit a legal brief and various documents, all of which tend to show that this court lacks subject matter jurisdiction under the Railway Labor Act. That Act pre-empts the court from considering disputes broadly related to to the scope a railway employee's employment. As the motion was submitted on default, it is

ORDERED and ADJUDGED that the motion is granted and the case is dismissed.

ENTER:

DATE: 10/4/00

_____
Louis B. York, J.S.C.

**LOUIS B. YORK**

3