```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
                                   :
CHRISTINE ROBINSON,
                                   :
                    Plaintiff,            07 Civ. 5992 (DLC)(HBP)
                                   :
     -against-                            ORDER TO
                                   :      SHOW CAUSE
CAMPBELL HOLDER and CAMPBELL HOLDER
& ASSOCIATES,                      :

                    Defendants.    :

-----------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6-3-08

TO:   Philip J. Dinhofer, Esq.
      Philip J. Dinhofer, LLC
      Suite 311
      77 N. Centre Avenue
      Rockville Centre, New York  11570

The Honorable Denise L. Cote, United States District Judge, has referred this matter to conduct an inquest concerning plaintiff's damages. In the course of reviewing plaintiff's submissions, I discovered some irregularities which suggest that the Court may not have subject matter jurisdiction over this matter. I issue this order to show cause in the hope of resolving these irregularities. See generally Mansfield, C. & L.M.R. Co. v. Swan, 111 U.S. 379, 382 (1884) (challenge to a federal court's subject-matter jurisdiction may be made at any stage of the proceedings, and the court should raise the question sua sponte ); accord Liberty Mutual Ins. Co. v. Wetzel, 424 U.S. 736, 740 (1976).

This is a legal malpractice action in which subject matter jurisdiction is predicated solely on diversity of citizenship. Plaintiff is suing both individually and as the Administratrix of the Estate of her late husband, Charles Robinson. To the extent plaintiff is suing as an Administratrix, her citizenship is deemed to be the citizenship of the decedent at the time of his death. 28 U.S.C. § 1332(c)(2); see Johnson v. Smithsonian Inst., 80 F. Supp.2d 197, 199 (S.D.N.Y. 2000), aff'd, 4 Fed. Appx. 69 (2d Cir. 2001).

Although the citizenship of plaintiff in her individual capacity and the citizenship of defendants are alleged in the complaint, the citizenship of Mr. Robinson at the time of his death is not. The complaint's failure to allege this fact renders its allegation of subject matter jurisdiction defective. John Birch Soc'y v. National Broadcasting Co., 377 F.2d 194, 197 (2d Cir. 1967) ("diversity of citizenship must be apparent from the pleadings"); Neat-N-Tidy Co., Inc. v. Tradepower (Holdings) Ltd., 777 F. Supp. 1153, 1156 (S.D.N.Y. 1991) ("complete diversity must be apparent from the pleadings").

On the record currently before me, it is impossible to determine whether jurisdiction is genuinely lack of subject matter jurisdiction or whether there is a mere oversight in the jurisdictional allegations.

Accordingly, no later then ten (10) days from the date of this Order, plaintiff's counsel is directed either to (1) serve and file an amended complaint alleging sufficient facts to sustain the court's subject matter jurisdiction, or (2) otherwise explain why this action should not be dismissed for lack of subject matter jurisdiction.

Dated:  New York, New York
        June 3, 2008

SO ORDERED

_____
HENRY PITMAN
United States Magistrate Judge

Copies mailed to:

Philip J. Dinhofer, Esq.
Philip J. Dinhofer, LLC
Suite 311
77 N. Centre Avenue
Rockville Centre, New York  11570

Campbell Holder &
Campbell Holder & Associates
c/o Ogensburg Correctional Facility
One Correction Way
Ogensburg, New York  13669-2288

3