```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                          :
CHRISTINE ROBINSON, Administratrix of     :
the Estate of CHARLES ROBINSON            :
(Deceased), and CHRISTINE ROBINSON,       :
Individually,                             :      07 Civ. 5992 (DLC)
                         Plaintiffs,      :
                                          :          OPINION & ORDER
             -v-                          :
                                          :
CAMPBELL HOLDER and CAMPBELL HOLDER &     :
ASSOCIATES,                               :
                         Defendant.       :
                                          :
-----------------------------------------X
```

Appearances:

For Plaintiffs:
Philip J. Dinhofer
Philip J. Dinhofer, LLC
77 North Centre Avenue, Suite 311
Rockville Centre, New York 11570

For Defendants:
Campbell Holder
07-R-0219
Ogdensburg Correctional Facility
One Correction Way
Ogdensburg, New York 13669-2288

DENISE COTE, District Judge:

On December 7, 2007, the Court entered a default against defendants Campbell Holder and Campbell Holder & Associates, and referred the matter to Magistrate Judge Henry B. Pitman for an inquest to determine the amount of damages. Magistrate Judge Pitman issued his report and recommendation ("Report") on July 2, 2008, recommending that plaintiffs be awarded judgment in the

amount of $250,000.  Neither party has submitted objections to the Report.  This Opinion adopts the thorough and well-reasoned Report.

BACKGROUND

This is a legal malpractice action in which Christine Robinson, individually and as administratrix of the estate of Charles Robinson, brings suit against Campbell Holder and his former law firm.  Charles Robinson retained Holder to represent him in a civil action in New York state court under the Federal Employers' Liability Act, 45 U.S.C. § 51 et seq., and 42 U.S.C. § 1983, against Robinson's former employer, Metro-North Railroad.  The gravamen of Robinson's complaint against Metro-North was that the railroad company had negligently supervised its agent, Gracie Square Hospital, where Robinson claims he was wrongfully forced to undergo drug treatment by Metro-North, and where he alleges he was physically assaulted, threatened, and mentally abused by inmates and staff.  The essence of the malpractice claim is that Holder failed to oppose a motion for summary judgment brought by Metro-North.  The underlying state lawsuit sought damages in excess of $100 million.  While Holder ultimately sought leave to submit untimely responsive papers, Justice Louis B. York of the New York State Supreme Court found that Holder had "acted without courtesy, consideration or respect towards his adversaries; and, has at best carelessly --

and at worst willfully -- disregarded the court's repeated directives." Justice York dismissed the state action.

The instant federal action for legal malpractice is based upon diversity of citizenship, 28 U.S.C. § 1332: Charles Robinson and his estate are citizens of South Carolina, and Holder maintained his law office at 401 Broadway in New York. Holder is presently incarcerated at Ogdensburg Correctional Facility, having pleaded guilty to various fraud charges in New York state court.

The complaint in this action was filed on June 25, 2007 and served on Holder at Ogdensberg by personal service on June 28, 2007. An order to show cause why default should not be entered against Holder was issued on November 9, 2007, and a hearing was scheduled for December 7. The Court entered default against Holder and referred the matter to Magistrate Judge Pitman for an inquest as to damages. Pursuant to Magistrate Judge Pitman's scheduling order, plaintiff timely submitted proposed findings of fact and conclusions of law supported by evidentiary material. Defendant was served with the scheduling order, but did not make any written submission. Magistrate Judge Pitman's Report recommended that judgment be entered for plaintiff in the amount of $250,000. The Report also apprised the parties that they had ten days to file any written objections to the Report. No party has objected to the Report.

3

DISCUSSION

The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept the report and recommendations of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." Figueroa v. Riverbay Corp., No. 06 Civ. 5364(PAC), 2006 WL 3804581, at *1 (S.D.N.Y. Dec. 22, 2006) (citation omitted).

The Report confirmed that Holder committed legal malpractice. Applying New York law,[1] the Report found that (1) an attorney-client relationship existed at the time of the alleged malpractice, based on Justice York's October 5, 2000 Order rejecting Holder's belated tender of papers in opposition to Metro-North's motion for summary judgment on Robinson's claim; (2) Holder was negligent in his handling of Robinson's case by twice failing to respond to Metro-North's dispositive motion in a timely manner, and by failing to request an adjournment of the due dates for Robinson's papers; and (3) Holder's negligence proximately caused actual damage to Robinson, as evidenced by Justice York's granting Metro-North's

---

[1] "In a diversity action based on attorney malpractice, state substantive law, here that of New York, applies." Rubens v. Mason, 527 F.3d 252, 254 (2d Cir. 2008). Robinson brought the suit in which Holder represented him in New York County, and Holder maintained his law offices here.

4

motion for summary judgment based on Holder's failure to oppose the motion, thus forfeiting Robinson's ability to pursue his FELA claim to settlement or a jury verdict.  See Rubens v. Mason, 527 F.3d 252, 254-55 (2d Cir. 2008).

The Report correctly observes that damages in a legal malpractice case are measured by reference to the value of the claim lost.  See Weil, Gotshal & Manges, LLP v. Fashion Boutique of Short Hills, Inc., 780 N.Y.S.2d 593, 596 (1st Dep't 2004). Plaintiffs propose two alternative methods for calculating their loss attributable to Holder's malpractice: (1) $117,000,000, the amount set forth in the damages clause of the underlying FELA action against Metro-North, or (2) $2,000,000, representing $50,000 for each day of Charles Robinson's confinement at Gracie Square Hospital, plus punitive damages.  The Report appropriately rejected the first measure because it exceeded the amount demanded in Robinson's amended complaint.  See Fed. R. Civ. P. 54(c).

Considering plaintiffs' second proffered measure of damages, the Report rejected the per diem estimate as excessive because plaintiffs had not marshaled any evidence to show that Charles Robinson had been physically injured or mentally abused while at Gracie Square Hospital.  The Report determined that Charles Robinson's only compensable injury was his loss of liberty for the twenty-five days he spent unnecessarily in

5

Gracie Square Hospital. Drawing guidance from Second Circuit and New York cases concerning damages for false imprisonment and involuntary civil commitment in hospitals, the Report concluded that $10,000 per day was an appropriate measure of damages for Charles Robinson's loss of liberty. See Kerman v. City of New York, 374 F.3d 93, 125 (2d Cir. 2004). The Report also determined that punitive damages were inappropriate under New York law because plaintiffs had not shown, for example, that Holder "ma[de] repeated misrepresentations to his client[.]" Smith v. Lightning Bold Prods., Inc., 861 F.2d 363, 372 (2d Cir. 1988). The Court perceives no clear error in the Report's findings. Further, plaintiffs have not furnished any basis to support their claim for punitive damages.

CONCLUSION

Finding no clear error in Magistrate Judge Pitman's Report, the Report is adopted. The Clerk of Court shall enter judgment in the amount of $250,000 in plaintiffs' favor and close the case. The parties' failure to file written objections precludes appellate review of this decision. See United States v. Male Juvenile, 121 F.3d 34. 38 (2d Cir. 1997).

SO ORDERED:

Dated:   New York, New York
         July 22, 2008

                                         _____
                                         DENISE COTE
                                         United States District Judge

6

Copies sent to:

Philip J. Dinhofer
Philip J. Dinhofer, LLC
77 North Centre Avenue, Suite 311
Rockville Centre, New York 11570

Campbell Holder
07-R-0219
Ogdensburg Correctional Facility
One Correction Way
Ogdensburg, New York 13669-2288